UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


## CIVIL MINUTES – GENERAL


Case No.   CV 16-3126 AB (KS)                                                                  Date: May 13, 2016

Title      *Anthony Terrel Williams v. Warren L. Montgomery (Warden)*


Present:  The Honorable:    Karen L. Stevenson, United States Magistrate Judge


| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:                 Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**


On May 6, 2016 Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  According to the Petition, Petitioner was convicted on July 22, 2011 of attempted murder and shooting from a motor vehicle. (Petition at 2.)   The Petition and its attachments indicate that Petitioner appealed his conviction to the California Court of Appeal, which affirmed his conviction on November 20, 2012.  Petitioner then sought review by the California Supreme Court, which denied review on February 12, 2013.  (Petition at 3.)  On May 28, 2013, Petitioner sought collateral review in the Los Angeles County Superior Court (case no. MA052126) on five grounds.  The state trial court denied habeas relief on September 16, 2013.  Petitioner then presented the same five grounds in a habeas petition to the California Court of Appeal Second District, which  denied relief on April 10, 2014, without prejudice in part to allow Petitioner to file a new petition in the trial court.  (Petition at 4.)

On August 13, 2014, Petitioner filed a second petition for habeas relief in the Los Angeles County Superior Court asserting just one claim, for ineffective assistance of counsel. (Petition at 4.)  The Superior Court again denied habeas relief on September 11, 2014.  (Petition at 5.)

The instant Petition appears to present three claims for relief:  ineffective assistance of trial counsel; insufficient evidence that Petitioner committed the crime and personally used a firearm; and the prosecution relied on perjured testimony during trial in violation of Petitioner's Constitutional rights to Due Process.  (Petition at 4-5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   CV 16-3126 AB (KS)                                                    Date: May 13, 2016

Title      *Anthony Terrel Williams v. Warren L. Montgomery (Warden)*


Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  The Court has identified a defect in the Petition that suggests that it must be dismissed.

The Antiterrorism Effective Death Penalty Act of 1986 ("AEDPA") imposes a one year statute of limitations on claims challenging state court convictions or sentences.  28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:


    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which any impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claims presented could have been discovered through due diligence.


*See* 28 U.S.C. § 2244(d)(1).  The limitation period is tolled during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  In addition, the gaps between state court denials of habeas petitions and the filing of subsequent state habeas petitions are also tolled, if the petitions were timey filed.  This is commonly referred to as "gap tolling."  *See Carey v. Saffold*, 536 U.S. 214 (2002).

Here, Petitioner's conviction became final on May 13, 2013, *i.e.*, 90 days after the California Supreme Court affirmed the judgment of conviction.  Therefore, absent tolling, Petitioner was required to file his federal habeas petition no later than May 13, 2014 – that is, within one year after his conviction became final.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-3126 AB (KS)                                              Date: May 13, 2016

Title      _Anthony Terrel Williams v. Warren L. Montgomery (Warden)_

Further, even assuming that Petitioner is entitled to statutory (and gap) tolling from the date he first filed a habeas petition in state court (May 28, 2013 – first state habeas petition filed in Los Angeles County Superior Court) through the date his last state habeas petition was denied (September 11, 2014 – third state habeas petition denied by Los Angeles County Superior Court),[1] the statute of limitations would have expired in September 2015 – approximately eight months before Petitioner filed the instant Petition on May 6, 2016.  Petitioner, moreover, has not specifically alleged any extraordinary circumstances that prevented him from timely filing this action.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted).  Accordingly, the Petition must be dismissed as untimely.

In light of these defects, **Petitioner is ORDERED TO SHOW CAUSE on or before June 13, 2016 why the Petition should not be dismissed** – that is, Petitioner must file, no later than June 13, 2016, a First Amended Petition For Writ Of Habeas Corpus that:  includes specific factual allegations demonstrating that *either* the Petition is timely under 28 U.S.C. § 2244(d)(1) *or* Petitioner has been diligently pursuing his rights but an extraordinary circumstance prevented timely filing of the Petition.

**Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

|  | : |
|---|---|
| **Initials of Preparer** | rh |

---

[1] *But see Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012) (applications for post-conviction relief are deemed 'pending' for the purposes of statutory gap tolling under AEDPA only during the intervals between the denial of a petition by one court and the filing of a new petition at the next level – that is, the filing of a petition presenting the same claims in a *higher* state court).